**Jones v. Gillespie**

*Stephen F. Gold,* for plaintiff.
*Martin Horowitz,* for defendant.

FORER, J., April 6, 1973.—On February 20, 1970, a complaint in equity was filed in the above-captioned matter. Plaintiff brought this action as a class action on his own behalf and on behalf of all students in the School District of Philadelphia.

Defendants in this case are Edward Gillespie, Principal of Strawberry Mansion Junior High School, all other principals in the School District of Philadelphia and the School District of Philadelphia.

The gravamen of the complaint is that plaintiff, Jones, was suspended from school without ever having received any form of hearing and without being advised of a date on which he could be readmitted to school. The complaint further alleges that it is the practice of the school district, the principals and other administrative personnel to suspend pupils as a disciplinary measure without affording them a hearing and without any time limitation.

This matter was originally heard before Greenberg, J., and a rule for a preliminary injunction was granted on February 20, 1970. Pursuant to a stipulation of counsel, an injunction was entered on February 20, 1970. On February 27, 1970, pursuant to a stipulation of counsel, an injunction was entered by Judge Levin.

On April 5, 1972, an addendum to the order of April 22, 1970, was entered by Judge Levin and provided the following:

"The consequence of failure to hold a hearing before the Board of Education or a committee thereof, within five days of the suspension, shall be the immediate reinstatement to school of all students irrespective of their age if they are under twenty-one years of age, who shall receive written notice from the school principal of reinstatement. Said reinstatement shall commence

on the sixth day following the suspension. Notwithstanding the foregoing, the respective parties, or their counsel, may stipulate that the matter may be heard and resolved by someone other than the Board of Education, or a committee thereof. This order shall take effect immediately and regulations incorporating said order shall be written and take effect within thirty days of the date below."

On May 1, 1972, a rule was granted upon defendants to show cause why they should not be held in contempt for violating the order of April 22, 1970. Extensive hearings were held before Judge Levin on May 9, 1972, and May 22, 1972. Thereafter, because of a possible conflict of interest, the entire matter was transferred and reassigned to Judge Forer by President Judge Jamieson, "upon the record as it now exists as supplemented by additional testimony, memoranda and argument."

Accordingly, a further hearing was held before this court on November 3, 1972. At this hearing, Walter H. Scott, principal of West Philadelphia High School, testified. From the testimony of Mr. Scott, it is clear that the orders of Judge Levin had never been complied with. No written notice is given to a child informing him that he is entitled to a hearing when suspended. There are no guidelines with respect to the duration of suspension. From statistics presented by Mr. Scott, it is evident that suspensions are widely used as a disciplinary measure in the schools.

Mr. Claude Bass, Vice Principal of West Philadelphia High School, in charge of discipline for boys, testified that unless a suspended pupil asks for a confrontation regarding the charges against him, he is not informed of his rights. A student is suspended until he returns with a parent. Suspension is not for any definite number of days. Mr. Bass was unfamiliar with

Judge Levin's orders. He testified that no written notice is given to a suspended pupil of his right to return after the fifth day of suspension nor is the pupil given the reason for his suspension or the name of the person who recommended the suspension.

Dr. Melvin Silverman, a Ph.D. in Educational Psychology and Associate Professor at Temple University, testified as to the serious deleterious effects of a five-day suspension. He pointed out that school suspensions have negative effects on the motivation and academic achievement of a student. Psychological effects of both short and long-term suspensions are serious and have long-term effects upon the future achievements and aspirations of a child.

From the bench, this court issued an interim order which contained the following provisions: First, that every child who is suspended be given clear written notice informing him of his rights; namely that

1. After five days, he may return to school with or without a parent;

2. He has a right to a hearing if his suspension is for more than five days;

3. The pupil must be notified in writing of his rights to confrontation and cross-examine his accusers, to present evidence on his behalf, and his other constitutional rights.

The order further provides that notice be sent to all principals informing them of their obligations and requires each principal to establish an appropriate committee, not consisting exclusively of the persons who accused this child. The order also requires that every school, including high schools, junior high schools, middle schools, elementary schools and all other and special schools, shall maintain suspension records which shall include the date of suspension, the length of suspension, the reason for suspension, date

of return, date of hearing and the number of suspensions involving the same child. This information is to indicate, without identifying the child, how many suspensions each child had. This report was due to be filed with this court the first week of January 1973, covering the period from November 6, 1972, to December 31, 1972, or whatever date the school year ended.

On March 13, 1973, a conference was held with all counsel present. This court takes cognizance of the fact that subsequent to the hearing in November 1972, there was a long strike during which time the schools were partially closed. However, it is now more than three years since this action was filed. The orders of the court must be complied with. Failure to do so causes irreparable damage to the affected children.

This court makes the following

## FINDINGS OF FACT

1. Defendants have failed and refused to comply with the orders of Judge Levin, dated April 5, 1972, and April 22, 1972.

2. Defendants have failed and refused to comply with the order of this court dated November 3, 1972.

3. The suspension of pupils for long or short periods of time has severe deleterious effects on the child suspended, both psychological and academic. Longer suspensions have more serious and more long-lasting effects upon the student suspended. Such suspensions are irreparably harmful to the affected child and to his educational development.

This court makes the following

## CONCLUSIONS OF LAW

1. Every child within the City of Philadelphia, between the ages of 6 and 21, has a legal right to attend

the public schools which may not be abrogated without compliance with the School Code of March 10, 1949, P. L. 30, sec. 1318, 24 PS §13-1318, and the constitutional rights of the child and his parents.

2. Any suspension or expulsion of any child from school requires, as a matter of due process, written notice to the child and his parents or guardian of the charges, the length of the period of suspension, and information with respect to the constitutional and procedural rights of the child and the parents or guardian.

3. Every child who is suspended from school has the right to return to school following the fifth day of suspension unless a hearing is held prior to the sixth day of suspension by the student discipline committee.

4. Every child whose suspension for more than five school days is recommended by the student discipline committee after a due process hearing, shall within one week of the fifth day of suspension be entitled to a due process hearing before the Board of School Directors or a committee thereof. Unless such hearing is timely held, the child shall be entitled to return to school at once.

Accordingly, the court enters the following

## FINAL ORDER

1. Every child who is suspended from school shall have the right to return to school on the sixth school day following the date of suspension unless a longer period of suspension is recommended by the student discipline committee after a due process hearing.

2. Every child who is suspended from school shall receive a notice in substantially the form contained in exhibit "A," attached hereto and made a part hereof.

3. The parent or guardian of every child who is suspended from school shall receive a notice in sub-

stantially the form contained in exhibit "B," attached hereto and made a part hereof.

4. Every principal shall form in his school an appropriate committee to be known as the student discipline committee, to hear suspension cases in excess of five school days.

This committee in secondary schools shall consist of the following:

(a)  Principal or vice principal
(b)  A teacher
(c)  President of the student government, or designee
(d)  President of Home and School Association, or designee
(e)  A counselor.

This committee, in all other schools, shall be selected by the principal to insure proper representation of the school, the parents, and, where possible, the student body.

5. In any cases in which a student discipline committee recommends the suspension of a student for more than five school days, the principal shall promptly notify the Board of the School District and the board or a duly designated committee thereof shall within one calendar week from the fifth day of suspension, hold a due process hearing with respect to the continued suspension of the student in accordance with the provisions of section 13-1318 of the School Code and this order. Unless such hearing is timely held, a suspended student shall have the right to return to school one calendar week after the fifth day of suspension.

Following the hearing before the student discipline committee, if longer suspension is recommended, the child and his parents shall promptly be given written notice of the recommendations of the committee,

and the student's right to return to school if a hearing before the Board of the School District or a committee thereof is not held within one calendar week.

6. Every principal shall require his school to maintain a record of all suspensions. This record shall include the following:

(a) Date of suspension.

(b) Length of the suspension.

(c) The reason for the suspenion.

(d) Date of return.

(e) The number of times this particular student has been suspended in that school year. This information shall be compiled for the period from November 27, 1972, to April 15, 1973.

7. The school district shall provide this court with a compilation of the information required under paragraph 6 of this order on or before May 15, 1973.

8. This court retains jurisdiction to enforce this order and to make such amendments or modifications thereto as justice and equity may require to protect the rights of plaintiffs.